UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Case No.: 19-CV-7093
MARYANN OST CHERNICK,

                                    **COMPLAINT**

                    Plaintiff,

         -against-

                               **JURY TRIAL DEMANDED**

POLICE OFFICER JESUS FAYA,
individually, OFFICERS "JOHN DOE" 1-2
(fictitiously named) individually, and
THE COUNTY OF SUFFOLK,

                    Defendants.
-----------------------------------------------------------X

        Plaintiff, MARYANN OST CHERNICK, by her attorneys, HARFENIST KRAUT & PERLSTEIN, LLP, as and for a complaint, allege as follows:

### NATURE OF THE ACTION

1. This is an action seeking recovery for deprivation of Plaintiff Maryann Ost Chernick's civil rights guaranteed to her under the Fourth and Fourteenth Amendments to the United States Constitution committed by the above named municipal defendants.

2. The Plaintiff bases this action upon the sadistic and illegal means by which various members of the Suffolk County Police Department effectuated an arrest on February 9, 2019 and the failure of the County of Suffolk to properly train officers in dealing with non-threatening arrestees.

## JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 USC §1331 and 42 USC §1983 in that the actions taken by the municipal defendants violated the Plaintiff's civil rights.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events occurred in Nassau County which is located in the Eastern District of New York.

## PARTIES

5. Plaintiff, Maryann Ost Chernick ("Maryann") is a resident of the State of New York, residing at 62 Hunt Drive, Jericho, New York.

6. Police Officer Jesus Faya ("Faya") who is being sued in his individual capacity, is a Police Officer employed by the Suffolk County Police Department. Upon information and belief, at all relevant times described herein, Faya was acting under color of state law within the scope of his employment with the Suffolk County Police Department.

7. Suffolk County Police Officers John Doe #1-2, are police officers who are being sued in their individual capacities and are employed by the County of Suffolk. Upon information and belief, at all relevant times described herein, the

police officers were acting under color of state law within the scope of their employment as police officers employed by the County of Suffolk.

## STATEMENT OF FACTS

8. Maryann is a resident of the State of New York and has resided in Jericho for nearly twenty (20) years.

9. On February 9, 2019, Maryann travelled to Deer Park for a social visit.

10. At approximately 11:30 PM Maryann began to travel back to her home via the Long Island Expressway.

11. Due to the lateness of the hour, the LIE was mostly empty and there was very light traffic on the highway.

12. Maryann was startled when she suddenly heard the sounds of a siren and observed flashing lights closing in on her vehicle.

13. Believing that the lights and siren belonged to an ambulance, Maryann attempted to move out of the way of the perceived emergency vehicle.

14. Unbeknownst to Maryann, the vehicle which she believed to be an ambulance was a Suffolk County Police vehicle.

15. Upon information and belief, the Suffolk County Police vehicle was being driven by Faya.

16. Upon information and belief, the Suffolk County Police vehicle was being driven by Officer John Doe #1.

17. The driver of the Suffolk County Police vehicle did not use his microphone to identify himself or in any way advise Maryann that he was a member of law enforcement.

18. Instead, the driver of the Suffolk County Police vehicle quickly closed the distance between the Suffolk County Police vehicle and Maryann's vehicle.

19. Already startled, Maryann attempted to yield to the perceived emergency vehicle, but it continued to follow her at a high rate of speed.

20. Maryann continued to drive until she reached her home in Jericho, New York.

21. Maryann parked her vehicle in the driveway and was attempting to exit her vehicle when she was forcefully thrown to the ground by Faya and/or Officers John Doe #1 and John Doe #2.

22. After being thrown to the ground, Maryann was pinned to the asphalt by Faya and Officers John Doe #1 and John Doe #2.

23. At the time of the incident Maryann was of slight build and weighed less than one hundred and ten (110) pounds.

24. Each of the Suffolk County Police officers who pinned Maryann to the ground were at least six inches taller than Maryann.

25. Each of the Suffolk County Police officers who pinned Maryann to the ground were at least one hundred pounds heavier than Maryann.

26. After being pinned to the ground by Faya and Officers John Doe #1 and John Doe #2, Maryann was immobilized and could not have fled from the Suffolk County Police officers.

27. After Maryann was pinned to the ground, Faya and Officers John Doe #1 and John Doe #2 searched Maryann and were aware that she did not possess weapons.

28. Faya and Officers John Doe #1 and John Doe #2 were aware that Maryann posed no threat to any of the Suffolk County Police officers.

29. Although Maryann's abject terror, disorientation and panic was plainly apparent, Faya and Officers John Doe #1 and John Doe #2 made no attempt to diffuse the situation and instead screamed obscenities at her.

30. Although Maryann posed no threat to Faya and Officers John Doe #1 and John Doe #2, they repeatedly scraped her face back and forth across the asphalt with enough force to cause cuts and abrasions and damage Maryann's teeth.

31. Although Maryann posed no threat to Faya and Officers John Doe #1 and John Doe #2, they intentionally twisted her arms with enough force to break Maryann's right arm.

32. Maryann's arm was broken so severely that it required eight (8) hours of surgery in order to set the broken bones in her arm.

33. After breaking Maryann's arm and intentionally causing numerous cuts and abrasions to Maryann's face, Faya and Officers John Doe #1 and John Doe #2, brought Maryann to her feet.

34. Notwithstanding the obvious pain and distress which Maryann was suffering from, Faya and Officers John Doe #1 and John Doe #2, kept Maryann at the scene for multiple hours before transporting her to Good Samaritan Hospital.

35. Upon arrival at Good Samaritan Hospital, Faya and Officers John Doe #1 and John Doe #2 pressured Maryann to consent to a chemical DWI test before allowing her to be treated for her injuries.

36. Maryann's distress was so obvious that she was unable to sign the consent with her right hand.

37. Maryann's distress was so obvious that the signature on the consent form was completely illegible and the form was notated "with left hand" above Maryann's signature.

38. Maryann continues to suffer from pain and complications related to the Suffolk County Officers sadistic treatment after she was already restrained.

39. Maryann was charged with numerous violations and misdemeanors in Suffolk County District Court.

40. On September 20, 2019, Maryann pleaded guilty to one count of VTL 1192.4, operating a vehicle while impaired.

## AS AND FOR A FIRST CAUSE OF ACTION
## EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S
## FOURTH AND FOURTEENTH AMENDMENT RIGHTS

41. Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through forty as if more fully set forth hereat.

42. On February 9, 2019, Maryann was tackled and struck by Faya and Officers John Doe #1-2.

43. In tackling and striking Faya, the officers were acting under color of state law and within the scope of their employment by the Suffolk County Police Department.

44. After Maryann was tackled, she was dragged on the ground and had her arms twisted with enough force that her right arm was broken.

45. At the time that Maryann was dragged on the ground and her arms were twisted, Maryann posed no threat of flight.

46. At the time that Maryann was dragged on the ground and her arms were twisted, Faya and Officers John Doe #1-2 had no belief that Maryann posed a threat to any Police Officer.

47. At the time that Maryann was dragged on the ground and her arms were twisted, Maryann was not actively resisting or evading arrest.

7

48. Upon information and belief, Maryann was tackled, dragged on the ground and had her arm broken because Faya and Officers John Doe #1-2 were angry that Maryann had not immediately stopped when they attempted to pull her over on the Long Island Expressway.

49. As Faya and Police Officers John Doe #1-2 had no belief that Maryann posed a threat of flight or a threat to their safety, the use of force to tackle Maryann and drag her across the pavement and break her arm was excessive and in violation of Maryann's Fourth and Fourteenth Amendment rights.

50. As a proximate result of Defendants' intentional and malicious actions, Maryann suffered physical injury and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than THREE MILLION DOLLARS ($3,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION UNCONSTITUTIONAL FAILURE TO TRAIN RESULTING IN VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS

51. Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through fifty as if more fully set forth hereat.

52. At the time of Maryann's arrest, Maryann was visibly terrified of the police officers who had chased her vehicle on the Long Island Expressway at a high rate of speed.

53. At the time that she exited her vehicle in front of her home, Maryann was clearly in a state of panic and disorientation which was apparent and obvious.

54. At the time that she exited her vehicle in front of her home, Maryann was under the influence of multiple medications prescribed by her doctors, including amphetamines, methadone, morphine and oxycodone.

55. The multiple prescription medications which Maryann had taken exacerbated her panic and she was unable to coherently communicate with the police officers.

56. At the time that Faya and Police Officers John Doe #1-2 approached Maryann in front of her home, they were aware that she was suffering from a panic attack.

57. At the time that Faya and Police Officers John Doe #1-2 approached Maryann in front of her home, they were uniformly of the belief that she was under the influence of drugs and that she was unable to coherently communicate with them.

58. It is foreseeable and not uncommon for police officers such as Faya and Police Officers John Doe #1-2 to encounter potential arrestees who are in a state of panic.

59. It is foreseeable and not uncommon for police officers such as Faya and Police Officers John Doe #1-2 to encounter potential arrestees who are under

the influence of prescription medication and/or narcotics which deprive them of the ability to coherently communicate with police officers.

60. Notwithstanding the foreseeability of Suffolk County police officers encountering potential arrestees in the state which Maryann was in when she exited her vehicle, the County of Suffolk has enacted no procedure for subduing such persons without causing the arrestee severe personal injury.

61. Notwithstanding the foreseeability of Suffolk County police officers encountering potential arrestees in the state which Maryann was in when she exited her vehicle, the County of Suffolk has provided no training to its officers in how to subdue such persons without causing the arrestee severe personal injury.

62. The failure to enact procedures for safely subduing arrestees who pose no threat of flight or danger to the arresting officers is an unconstitutional policy which upon information and belief has led to numerous arrestees' sustaining unnecessary personal injuries.

63. The failure to train police offers to safely subdue arrestees who pose no threat of flight or danger to the arresting officers is an unconstitutional policy which upon information and belief has led to numerous arrestees' sustaining unnecessary personal injuries.

64. In failing to promulgate regulations and train officers in dealing with persons in Maryann's condition, the County of Suffolk has allowed an

unconstitutional policy, practice and procedure to exist which caused the violation of Maryann's Fourth and Fourteenth Amendment rights.

65. But for the County of Suffolk's unconstitutional policies, practices and procedures discussed above, Maryann would not have sustained severely personal injuries, including a broken arm which required internal fixation.

66. As a proximate result of Defendants' intentional and malicious actions, Maryann was severely injured and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than THREE MILLION DOLLARS ($3,000,000.00), plus punitive damages and attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiffs respectfully demand the following relief:

a. For compensatory damages against all defendants in an amount to be proved at trial, but no less than SIX MILLION DOLLARS ($6,000,000.00).

b. For exemplary and punitive damages against all defendants in an amount to be proved at trial.

c. For attorneys fees pursuant to 42 U.S.C. §1988 against all defendants.

d. For such other and further relief as this Court may deem just and proper.

Dated: Lake Success, New York
December 18, 2019

        Respectfully submitted,

        HARFENIST KRAUT & PERLSTEIN, LLP
        Attorneys for Plaintiff
        3000 Marcus Avenue, Suite 2E1
        Lake Success, New York 11042
        (516) 355-9600

  By:   *Steven J. Harfenist*
        STEVEN J. HARFENIST
        NEIL TORCZYNER