UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IRA CHERNICK as Administrator of the Estate
Of MARYANN OST CHERNICK,

                                Plaintiff,

-against-

POLICE OFFICER JESUS FAYA, individually,
OFFICERS "JOHN DOE" 1-2 (fictitiously named)
individually, and THE COUNTY OF SUFFOLK,

                                Defendants.

**ANSWER TO AMENDED COMPLAINT**

19-cv-7093 (ARR)(ST)

**JURY TRIAL DEMANDED**

       Defendants, County of Suffolk and Police Officer Jesus Faya, by their attorney, Dennis M. Cohen, Suffolk County Attorney, by Stacy A. Skorupa, Assistant County Attorney, answering Plaintiff's Amended Complaint respectfully:

       1.      Aver that the allegations contained in the paragraphs numbered 1, 5 and 6 of the Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

       2.      Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 2, 3, 4, 7, 9, 10, 23, 29, 30, 31, 37, 40, 41 and 42 of the Complaint and refer all questions of law to the Court.

       3.      Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 8 of the Complaint, except admit that Police Officer Jesus Faya is a Police Officer employed by the Suffolk County Police Department, and refer all questions of law to the Court.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 34, 36, 38 and 39 of the Complaint.

5. Deny the allegations contained in paragraphs numbered 32, 33 and 35 of the Complaint and refer all questions of law to the Court.

### AS AND FOR DEFENDANTS' ANSWER TO A FIRST CAUSE OF ACTION EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS

6. Answering the paragraph numbered 43 of the Complaint, Defendants repeat, reiterate and reallege each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 44 and 46 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 45, 47, 48 and 49 of the Complaint, and refer all questions of law to the Court.

9. Deny the allegations contained in paragraphs numbered 50, 51 and 52 of the Complaint, and refer all questions of law to the Court.

### AS AND FOR DEFENDANTS' ANSWER TO A SECOND CAUSE OF ACTION UNCONSTITUTIONAL FAILURE TO TRAIN RESULTING IN VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS

10. Answering the paragraph numbered 53 of the Complaint, Defendants repeat, reiterate and reallege each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67 and 68 of the Complaint and refer all questions of law to the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

12. That the Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

13. That the damages sustained by Plaintiff, if any, were caused by Plaintiff's own culpable and/or negligent conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

14. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

15. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by Defendants or otherwise ratified by Defendants authorized a deprivation of Plaintiff's constitutional rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

16. That no custom or usage adopted, followed, endorsed or ratified by Defendants authorized a deprivation of Plaintiff's constitutional rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

17. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

18. That municipal defendants are not liable for punitive damage awards.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

19. That this Court lacks subject matter jurisdiction.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

20. That Plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

21. That Plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and the supremacy clause of the United States Constitution.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

22. That Defendants' actions, if any, were justified by the facts and circumstances presented.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

23. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that Plaintiff had committed a crime and/or offense.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

24. That Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

25. That Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

26. That Defendants at all times acted in good faith in that they reasonably believed

that they were exercising and acting within their statutory and constitutional powers.

27. That in performing such duties and responsibilities, Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

28. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

29. That Plaintiff's Complaint should be stricken because it has not been signed in accordance with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants demand judgment against Plaintiff dismissing the Complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
         November 9, 2020

                                  Yours etc.
                                  Dennis M. Cohen
                                  Suffolk County Attorney
                                  Attorney for County of Suffolk and P.O. Faya
                                  H. Lee Dennison Building
                                  100 Veterans Memorial Highway
                                  Hauppauge, New York 11788

                       By:    */s/ Stacy A. Skorupa*
                                  Stacy A. Skorupa
                                  Assistant County Attorney
                                  stacy.skorupa@suffolkcountyny.gov
                                  (631)853-5673

TO:    Steven J. Harfenist, Esq. and Neil Torczyner, Esq. (Via ECF)
          Harfenist, Kraut & Peristein
          3000 Marcus Avenue, Suite 2E1
          Lake Success, NY 11042