UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IRA CHERNICK as Administrator of the
Estate of MARYANN OST CHERNICK,

                           Plaintiff,

      -against-

POLICE OFFICER JESUS FAYA,
POLICE OFFICER ARGAND REYES,
POLICE OFFICER MICHAEL SWEET,
POLICE OFFICER CHARLES
TRAMONTANA individually, OFFICERS
"JOHN DOE" 1-2 (fictitiously named)
individually, and THE COUNTY OF SUFFOLK,

                          Defendants.
------------------------------------------------------------X

**Docket No.:**
**19-CV-7093(ST)**

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

## LAW CONTROLLING THE CASE

    I will now turn to the second part of these instructions -- the legal elements of the causes of action in the case.

    There is one claim in the case alleging violations of the United States Constitution and Federal Law for excessive force, which involves a single occurrence in the driveway of Maryann Ost Chernick's home in Jericho, New York.

    As you have heard, Maryann Ost Chernick passed away. The case is brought by her husband Ira Chernick as the administrator of Mrs. Chernick's estate.

To attempt to simplify your task, I have prepared a verdict sheet for your assistance. You will take the verdict sheet with you into the jury room. The verdict sheet contains questions and the answers to these questions will constitute your verdict.

Later in the charge, I will review the verdict sheet in detail with you.

## 42 U.S.C. §1983 EXCESSIVE FORCE

In the case, Plaintiff claims that Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana while acting under color of law, intentionally deprived her of her rights under the United States Constitution.

Specifically, Mr. Chernick claims Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana, while working as police officers for the County of Suffolk, intentionally violated Mrs. Chernick due process right to be free from cruel and unusual punishment and right to be free from the use of excessive force against her while being detained as a pretrial detainee.

The Constitution guarantees that every person who has been arrested and in custody, but not convicted of a crime, known as a "pretrial detainee" must not be subjected to excessive force while detained.

2

A person may sue in federal court for an award of money damages against anyone who, under color of law, intentionally violates the person's rights under the United States Constitution. To succeed on their claim, Mr. Chernick, on behalf of Mrs. Chernick's estate must prove each of the following facts by a preponderance of the evidence:

First: That Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana, or any one or combination of them, intentionally used force while placing Mrs. Chernick under arrest in the driveway of her home;

Second: That the force used against Mrs. Chernick by Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana was excessive;

Third: That Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana acted under color of law; and

Fourth: That Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana conduct caused Mrs. Chernick's injuries.

The United States Constitution guarantees the right not to be subjected to excessive force by a law enforcement officer while being detained in custody. But

not every push or shove—even if it later seems unnecessary—is a constitutional violation.

A police officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison regulations.

You must decide whether any force used in this case was excessive based on whether the force, if any, was applied in a good-faith effort to maintain or restore discipline, or instead whether it was applied maliciously to cause harm.

In making that decision you should consider the amount of force used in relationship to the need presented; the motive of Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, police officers may not maliciously or sadistically use force to cause harm regardless of the significance of the injury to the prisoner.

As to the third element, the parties have agreed that all of the police officers acted under color of law.

As to the fourth element, you must determine if Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana conduct caused Mrs. Chernick's injury and whether Mrs.

4

Chernick would not have been injured without Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana conduct, and the injuries were a reasonably foreseeable consequence of Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana conduct.

This case is a classic "he said-she said." In this case, all of the police officers deny that they used excess force on Mrs. Chernick. Instead, they claim they only used such force as was necessary to place Mrs. Chernick under arrest. Mr. Chernick claims that Mrs. Chernick's injuries, particularly the broken arm, were caused by the physical actions of Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana. You must choose whose version of the events you believe.

While the four individual police officers are defendants in this case, if you find that Mrs. Chernick was subjected to excessive force you need not find against all of the police officers. Instead, you must determine which of the police officers, or all of the police officers acting together, exerted excess force while arresting Mrs. Chernick.

If you find in Mr. Chernick's favor with respect to each of the facts that he must prove, you must then decide the issue of Mr. Chernick's damages. I will provide you an instruction on the law of damages shortly. *Hudson v.* McMillian,

503 U.S. 1, 7-8, 112 S.Ct. 995 (1992); *Graham v. Connor*, 490 U.S. 386 , 109 S.Ct. 1865, 1871 (1989); *United States v. Walsh*, 194 F.3d 37, 47-48 (2d Cir. 1992); *Esmont v. City of New York*, 371 F.Supp.2d 202, 216 (E.D.N.Y. 2005); Pattern Civ. Jury Instr. 11th Cir. 5.3 (2013), Pattern Civ. Jury Instr. 11th Cir. 5.3 (2013)

## PROXIMATE CAUSE

In order to recover damages Mr. Chernick must prove that the acts were a proximate cause of the injuries sustained by Mrs. Chernick. Proximate cause means that there must be a sufficient causal connection between the act or omission of Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana and any injury or damages sustained by Mrs. Chernick.

An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' act or omission. If an injury was a direct result of a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, Mr. Chernick must show by a preponderance of the evidence that such injury would not have occurred without the conduct of Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana.

If you find that Mr. Chernick has proved, by a preponderance of the evidence, that Mrs. Chernick complains about an injury which would have occurred or existed even in the absence of the Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana conduct, you must find that Police Officer Jesus Faya, Police Officer Argand Reyes, Police Officer Michael Sweet, and Police Officer Charles Tramontana did not proximately cause the Mrs. Chernick's injury.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable to a plaintiff if such plaintiff's injury was caused by a new or independent source which intervenes between a defendant's acts, or omissions, and which produces a result which was not reasonably foreseeable by the defendant.

# DAMAGES

Having completed my instructions to you on the issue of liability, I now turn to the issue of damages. I will now instruct you on the law of damages.

If you find that the Plaintiff is entitled to recover against the Defendants, then you will have to determine the amount of damages which will fairly and reasonably compensate Plaintiff for those injuries and damages which you find that, Plaintiff has sustained as a result of the §1983 claim.

That I am giving you instructions on the subject of damages should not be construed by you as any indication that I believe you should find for the Plaintiff.

That is entirely up to you. I have to charge you on the law of damages in the event that you, in your deliberations, find that the Plaintiff is entitled to recover. Only then do you have to know how to go about computing damages. In instructing you on damages, I am not expressing any views one way or the other as to whether the Plaintiff should recover in the case.

It is for you to decide on the evidence and the law as I have instructed you whether the Plaintiff is entitled to recover from the Defendants. If you decide that, the Plaintiff is not entitled to recover from the Defendants, you should go no further. Only if you decide that she is entitled to recover, will you consider, the measure of damages.

It is your sole and exclusive function to determine the sum of money, if any, which will justly and fairly compensate the Plaintiff for the injuries and damages you find that she sustained, and only from the evidence in this case, as a direct consequence of the conduct of the Defendants, based on the law I will give you and the evidence, not based on any attorney's statement, claim or argument.

An attorney's statement to you of the amount that you should return in your verdict is only a lawyer's statement; it is not evidence, and it is not binding on you.

## CAUSATION AND DAMAGES

You may award damages only for those injuries and/or damages which you find the Plaintiff has proven, by a preponderance of the evidence, to have been the direct result of conduct by the Defendants with regard to the §1983 violation.

You must distinguish between, on the one hand, the existence of a violation of the Plaintiff's rights and, on the other hand, the existence of injuries and/or damages resulting from that violation. Thus, even if you find for Plaintiff on any of hers claims, you must ask yourself whether the Plaintiff has proven, by a preponderance of the evidence, that the violation caused the damages that she claims to have suffered.

# COMPENSATORY DAMAGES

In considering an award of damages, your first task is to determine the amount of actual or what we call "compensatory" damages sustained by the Plaintiff. You should award the Plaintiff an amount that justly and fairly compensates her for any injuries and damages you believe she actually sustained as a direct consequence of the conduct of Defendants.

If you find for the Plaintiff with respect to the claim raised by her, you should award her a sum of money that will compensate her for any injury sustained, loss of the ability to enjoy life, and emotional anguish, personal humiliation, physical pain and suffering and personal indignity and fear suffered by her and proximately resulting from the act for which you find liability was established.

In addition, I instruct you that actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

In sum, your award must be fair and just.

It should neither be excessive nor inadequate; it should be reasonable.

## NO DOUBLE RECOVERY

I have said that, if you return a verdict for the Plaintiff, you must award the Plaintiff a sum of money as you believe will fairly and justly compensate her for any injury you believe the Plaintiff actually sustained as a direct result of the Defendants' conduct.

In this case, the Plaintiff claims that the Defendants violated her rights under the Fourth Amendment to the U.S. Constitution.

If you find that Defendants did in fact violate more than one of the Plaintiff's rights, you must remember, in calculating the damages, that the Plaintiff is entitled to be compensated only for injuries she actually suffered.

Thus, if Defendants violated more than one of the Plaintiff's rights, but the resulting injury was no greater than it would have been had Defendant violated only one of those rights, you should award an amount of compensatory damages no greater than you would award if the Defendants had violated only one of the Plaintiffs rights. If, on the other hand, the Defendants violated more than one of the Plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate the Plaintiff for the separate injuries she has suffered.

# PUNITIVE DAMAGES

In addition to actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If the Plaintiff proves, by a preponderance of the evidence in the case, that she is entitled to a verdict for actual damages, and you further find that the act or omission of the Defendants which proximately caused injury or damage to the Plaintiff, was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in the group or category of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of the injured person.

An act or a failure to act is "oppressively" done, if done in a way or manner which injures, or damages, or otherwise violates the rights of another person with

unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of another person.

Whether or not to make an award of punitive damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, by a preponderance of the evidence in the case, that the Defendants' act which proximately caused actual damage to the Plaintiff, was maliciously or wantonly or oppressively done.

However, you should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the Plaintiff a verdict for actual or compensatory damages. In addition, you should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with regard to any party in the case.

It is entirely up to you to decide whether or not punitive damages should be awarded. In this respect, you have considerable discretion. You may decide that even though compensatory damages have been awarded, you believe that no punitive damages are called for.

I can give you no objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate.

However, the amount of punitive damages should be fair and reasonable and should be proportionate to the need to punish the Defendants and to deter them, and others, from like conduct but should not be based on whim or on unrestrained imagination. You should be aware that you may not award punitive against a municipality as in this case the County of Suffolk.

## PAIN AND SUFFERING

If you decide that Defendants are liable, Plaintiff is entitled to recover a sum of money which will justly and fairly compensate Plaintiff for any injury, disability and conscious pain and suffering to date caused by Defendants. The term "pain and suffering" has been utilized to encompass all items of general, non-economic damages.

An award for pain and suffering should include compensation to an injured person for the physical and emotional consequences of the injury. In determining the amount to be awarded Plaintiff for non-economic damages, the jury may properly consider the effect of the injuries on Plaintiff's capacity to lead a normal life.

In determining the amount, if any, to be awarded for Mrs. Chernick's pain and suffering, you may take into consideration the effect that Plaintiff's injuries had on Plaintiff's ability to enjoy life. Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life. However, a person suffers the loss of enjoyment of life only if the person is aware, at some level, of the loss that she has suffered.

If you find that Plaintiff, as a result of her injuries, suffered some loss of the ability to enjoy life and that Plaintiff was aware, at some level, of a loss, you may take that loss into consideration in determining the amount to be awarded to Plaintiff for pain and suffering.

Because Mrs. Chernick has passed away, you will be determining these damages for the pain and suffering she suffered from the time of the incident until her death.

## NOMINAL DAMAGES

If you return a verdict for the Plaintiff on the federal violation, but find that the Plaintiff has failed to prove, by a preponderance of the evidence, that she suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

Nominal damages may be awarded when the Plaintiff has been deprived by Defendants of a constitutional right but has suffered no actual damage as a consequence of that deprivation. The mere fact that a constitutional deprivation of a right occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

Therefore, if you find that the Plaintiff has suffered no injury as a result of the Defendants' conduct, other than a constitutional deprivation, you may award nominal damages not to exceed one dollar.

Dated:    Lake Success, New York
February 5, 2026

> Respectfully submitted,
> HARFENIST KRAUT & PERLSTEIN, LLP
>
> By: *Steven J. Harfenist*
> Steven J. Harfenist
> *Attorneys for Plaintiff*
> 3000 Marcus Avenue, Suite 2E1
> Lake Success, New York 11042
> T: (516) 355-9600
> F: (516) 355-9601
> E: SHarfenist@hkplaw.com