

STEVEN J. HARFENIST
DIRECT TEL.: 516-355-9630
DIRECT FAX: 516-355-9601
SHARFENIST@HKPLAW.COM

March 7, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Magistrate Judge Steven L. Tiscione
Courtroom 910, Chambers 914
100 Federal Plaza
Central Islip, New York 11722

  **Re:**  *Chernick v. Faya, et al*
     **Docket No.: 19-cv-7093(ST)**

Dear Magistrate Judge Tiscione:

  We are counsel to plaintiff, Ira Chernick as Administrator of the Estate of Maryann Ost Chernick ("Estate"), in this matter against the defendants Jesus Faya, Argand Reyes, Michael Sweet, Charles Tramontana, and the County of Suffolk ("Defendants").

  The only claim being tried is the Estate's excessive force claim derived from Maryann Ost Chernick's arrest on February 9, 2019. The damages the Estate seeks are: 1) pain and suffering, from the period of February 9, 2019, until January 1, 2020, when Ms. Chernick died; 2) punitive damages; and 3) costs related to medical treatment. The Estate has dismissed its claim for garden variety emotional distress damages.

  During the trial the Defendants elicited testimony from Dr. Mostafavi regarding the entries in the North Shore Medical Center's notes indicating "suspicion of domestic abuse". While the records indicate that Ms. Chernick disputed these suspicions, and there has been no finding that the Administrator of the Estate, Ira Chernick, engaged in such conduct, the Defendants intend to cross-examine Mr. Chernick regarding his relationship with his deceased wife, including claims of domestic violence, malnutrition, and general disagreements.

  According to the Defendants, this evidence is admissible as to the credibility of Mr. Chernick and as to causation of Ms. Chernick's injuries. This position is wrong. Such evidence lacks relevance under Rules 401-402 when no relational damages are sought, and any minimal probative value is substantially outweighed by unfair prejudice under principles Rule 403. *St. Clair v. Eastern Air Lines*, Inc., 279 F.2d 119 (1960). Contrary to Defendants' contention, the relevance of the eliciting testimony from Mr. Chernick as to claims of domestic abuse has not "sailed" because the hospital records containing statements of "suspicion" are in evidence.

3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 Westchester Avenue, Suite 415,
Purchase, NY 10577
T – 914.701.0800 F – 914-701-0808.

Initially, this case has no loss of consortium claim making relational damages inadmissible. Loss of consortium claims are not available under § 1983. *Stanley v. City of New York*, 587 F.Supp. 393 ( E.D.N.Y.1984) ("loss of consortium is a state law tort which does not rise to level of a constitutional violation sufficient to maintain claim under civil rights statute."); *Kirton v. Hassel*, No. 96 CV 1371(SJ), 1998 WL 146701, at *9 (E.D.N.Y. Mar. 25, 1998)(same); *Wahhab v. City of New York*, 386 F. Supp. 2d 277, 292 (S.D.N.Y. 2005) (same).

The Second Circuit's decision in *St. Clair v. Eastern Air Lines, Inc.* provides a framework for analyzing relationship evidence in claims brought by a fiduciary. *St. Clair v. Eastern Air Lines, Inc.,* 279 F.2d 119 (1960). The *St. Clair* court engaged in a balancing analysis, finding that "any remote evidentiary value that the details of the decedent's personal life may have had was far outweighed by the certainty that prejudice to the plaintiff's case in the minds of the jurors would result from the introduction of evidence showing in an ill light not only the decedent but the plaintiff as well". *St. Clair v. Eastern Air Lines, Inc*., 279 F.2d 119, 121 (1960). While decided before the adoption of the Federal Rules of Evidence in 1975, this reasoning presaged the balancing test later codified in Rule 403.

Although St. *Clair* was a wrongful death claim under state law where the Circuit found that evidence of the decedent relationship with the fiduciary was irrelevant to pecuniary loss, this principal is equally applicable where the claims of civil rights violations for excessive force are being prosecuted by a fiduciary of her estate.

Here, because the pain and suffering damages sought by the Estate fall into the same category as pecuniary loses under a wrongful death claim - the Administrator's relationship with the decedent is irrelevant for a jury to determine pain and suffering, special and punitive damages. This position has long been the law in other circuits. *See Louisville & N. R. Co. v. Tucker*, 211 F.2d 325, 334 (6th Cir. 1954) (excluding evidence that decedent and husband were estranged and that divorce was pending, since plaintiff was not seeking recovery for loss of consortium).

Contrary to Defendants' position, that damages and causation are in issue, it's not an open invitation for the admissibility of character evidence that is irrelevant or marginal considering the issues when it is highly prejudicial. In *St. Clair*, the Second Circuit thought the trial judge had made a mistake in allowing extensive cross-examination into the early relationship of the plaintiff and her now-deceased husband, where the questioning revealed that the two began seeing each other while the husband was married to another, and had begun living together before the latter divorced his first wife.

Evidence relating to the character of an injured claimant or decedent, or in this case also the fiduciary for the Estate, should be excluded where risks of unfair prejudice, and any of the other concerns underlying Rule 403, outweigh the probative worth. Often negative character evidence will be ugly to contemplate and brings serious threat of prejudice. Such proof should also be excluded where it is irrelevant to the damages that are in issue in the case. *See § 4:39 Character in civil cases—Provable as element of claim or defense*, 1 Federal Evidence § 4:39 (4th ed.) Such is this case.

3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 Westchester Avenue, Suite 415,
Purchase, NY 10577
T – 914.701.0800 F – 914-701-0808.

Recent cases in this District confirm the strict application of Rule 404(a) and Rule 403 in civil rights litigation.

In *Pfail v. Cnty. of Nassau*, No. 16-CV-518 (NRM), 2025 WL 3167380, at *3 (E.D.N.Y. Nov. 13, 2025), Judge Morrison precluded similar type of character evidence in a Section 1983 action. Specifically concluding:

> As Defendants state in their post-trial memorandum of law, the officers "testified that Plaintiff verbally challenged their authority and indicated that he would not comply with their lawful order. Conversely, Plaintiff ... denied challenging them." Def. Mem. at 15. Defendants conclude that this evidence would undermine Pfail's testimony as it may have "swung the balance in favor of the Officers as Dr. Berrill's testimony lends credence to the Officers' version of the initial interaction with Plaintiff." *Id.*
>
> What Defendants describe is still Rule 404(a)(1) evidence. While Defendants purport to merely impeach Pfail's credibility, they do so only by arguing that Pfail has a trait which made it more likely that it was the officers who were telling the truth about his actions, and not Pfail. That is precisely what is prohibited by Rule 404(a)'s bar on the introduction of character evidence. *See Micone v. Sarene Servs. Inc.*, No. 2:20-CV-3273 (NJC), 2025 WL 736638, at *45 n.25 (E.D.N.Y. Mar. 8, 2025) (noting that evidence that a person acted in accordance with a character trait "tends to distract the trier of fact from the main question of what actually happened on the particular occasion at issue in the trial". Indeed, to allow any evidence that supports one side's account over another under the guise of "credibility" would be to completely vitiate Rule 404(a)(1), as it would allow a party to introduce character evidence simply because a witness testified that he or she acted in a manner that is inconsistent with that alleged character. (cleaned up).

This reasoning applies directly to attempts to elicit relationship testimony to suggest bias or credibility issues with estate fiduciaries when such testimony effectively argues for character-based reasons to discount the testimony of a witness and believe the police officers.

The evidence the Defendants seek to admit through questioning Mr. Chernick about his relationship with his deceased wife is personal in nature, and while possibly admissible in a loss of consortium claim it is not in this case. Under these circumstances, the Defendants should be precluded from inquiring of Mr. Chernick: 1) any alleged incidence of domestic violence; and 2) any evidence regarding his personal relationship with Ms. Chernick. The evidence is simply not relevant and even if it was its prejudicial effect outweighs is probative value (which in this case is none). If they feel the need to ask him if he broke her arm before she was out to dinner (that is

3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 Westchester Avenue, Suite 415,
Purchase, NY 10577
T – 914.701.0800 F – 914-701-0808.

where he will say she went) and then CVS and driving on the 13-mile slow chase, they are free to do so – but at their own peril.

The absence of a garden variety emotional distress claim makes Ms. Chernick's mental condition or distress before February 9, 2019, and even after the incident, irrelevant under FRE 401 and 403. The only claim of the Estate relating to Ms. Chernick's condition is pain and suffering for which the evidence is not probative.

Finally, the Defendants indicated that the existence of an issue fact as to causation regarding how Ms. Chernick broke her arm makes the relational evidence and the non-existent claim of domestic violence fair game. This position is misplaced.

The presence of a question of fact on the issue of causation does not support the admissibility of relational evidence. Rather, it has nothing to do with causation. The record is completely barren of any evidence that Mr. Chernick broke his wife's arm and the medical testimony is damning to any of the Defendants' alternative theories of causation. Frankly, we struggle to understand what appear to be the substance of Defendants' theory, other than in conclusory fashion that the police didn't break her arm, it happened in a car accident, and/or Mr. Chernick broke it.

Even if there was evidence on a "third theory" of causation, evidence of Mr. and Mrs. Chernick's relationship would not be relevant to causation. This is particularly so since the medical records referred to by the Defendants do not indicate the existence of domestic violence.

Accordingly, the Court should preclude the Defendants from questioning Mr. Chernick regarding any claim of domestic violence or anything at all about his relationship with his deceased wife.

We appreciate the Court's attention to this matter.

> Respectfully submitted,
> HARFENIST KRAUT & PERLSTEIN, LLP
>
> By: *Steven J. Harfenist*
> Steven J. Harfenist

cc: All Counsel (via ECF)

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914-701-0808.