
**CHRISTOPHER J. CLAYTON**  **DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

March 8, 2026

Hon. Steven Tiscione, U.S.M.J.
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722

      RE:    <u>Chernick v. Faya et. al.</u>
              19-cv-7093 (ST)

Dear Judge Tiscione:

This Office represents Defendants in the above-referenced action. Plaintiff is represented by Steven Harfenist. Defendants are in receipt of Plaintiff's motion *in limine* filed yesterday wherein he seeks to preclude Defendants from questioning him "regarding any claim of domestic violence or anything at all about his relationship with his deceased wife."

Plaintiff appears to misunderstand the whole reason for and extent to which Defendants seek to cross-examine Mr. Chernick regarding the relationship between him and his now-deceased wife, who was the original plaintiff in this matter. To be clear, Defendants do not intend to elicit testimony from Plaintiff regarding claims of domestic abuse unless Plaintiff opens the door to same. Both causation regarding her broken arm and any damages he alleges she sustained are at issue in this case. It is clear that the only firsthand knowledge Plaintiff may offer is regarding the damages component to this action as he was not present for any of his wife's activities on the evening of February 9, 2019.

However, as Mr. Chernick is the only living witness to the "pain and suffering" he alleges Mrs. Chernick endured due to the actions of Defendants on February 9, 2019, the status of his marriage to Mrs. Chernick from that day to the date of her death in January 2020 is most certainly relevant to the issues at the very crux of this case. Mr. Chernick testified in his deposition in this matter to essentially a lack of knowledge of his wife's plethora of medical conditions and medications she was prescribed in February 2019. *See, e.g.,* Plaintiff's deposition at pp. 35-43. He further testified to a very vague recollection of the circumstances of her death, whether she was taking her plethora of prescribed medications that day and a lack of knowledge of being contacted by the Nassau County Medical Examiner regarding whether he wanted an autopsy performed following it. *Id.* at pp. 46-49. In his recorded Internal Affairs interview on February 13, 2019, he denied knowledge of his wife's medications and medical issues to the

LOCATION                          MAILING ADDRESS
H. LEE DENNISON BLDG.             P.O. BOX 6100                                (631) 853-4049
100 VETERANS MEMORIAL HIGHWAY  ♦  HAUPPAUGE, NY 11788-0099  ♦  TELECOPIER (631) 853-5169

point that the officer interviewing him questioned whether he was being truthful, given that they were married for 33 years and allegedly living together, based on his statements.

Additionally notable is that, when asked in his deposition if the police had ever been called to or responded to his home at 62 Hunt Drive in Jericho pertaining to something relating to his wife prior to February 2019, he stated "not that I remember". *Id.* at p. 35. However, Defendants are in possession of records from the Nassau County Police Department, which they intend to use for impeachment, which indicate otherwise and show that there was police involvement at the location numerous times involving his wife that he was aware of and prior to February 2019. Defendants are prepared to further discuss these reports tomorrow with the Court. These reports show a continuous pattern of non-compliant and uncooperative behavior by Mrs. Chernick even with the simplest of things between her and Mr. Chernick (such as arguments about the car keys) and a pattern of police activity at the home due to her mental health issues. Even her own family had to call the police for assistance in dealing with her bizarre behavior, mental disease and drug addiction to deal with the simplest things such as arguments over car keys. Thus, these facts are relevant because Defendants contend she resisted arrest on February 9, 2019 which ultimately is what caused any injury she may have sustained. These instances, in many of which she was uncooperative with the police, are permissible under Rule 404(b) to refute Mr. Chernick's attempts to allege she ran from the police on February 9, 2019 because she was scared or due to some mistake or accident. They show her intent in doing so. These permitted uses under Rule 404(b) make this inquiry into "his relationship with her" permissible for this purpose, as well.

All of these incredible representations and his anticipated testimony regarding his observations of Mrs. Chernick's pain and suffering following the February 9, 2019 incident make the nature of his relationship with her (such as, for example, whether they were estranged or had much contact during the relevant time period at all) a relevant line of questioning during his cross-examination. To disallow Defendants to question him regarding the level of contact he and Mrs. Chernick had during this relevant time period, when presumably this is exactly what he will be testifying to, simply does not make sense. Thus, the relevance of this testimony under Rule 401 is that his level of a relationship with her (or lack thereof) is certainly a relevant line of inquiry as to how much of the "pain and suffering" he alleges she incurred he actually observed with his own two eyes and ears, versus how much he learned from someone else, which would undoubtedly constitute inadmissible hearsay under Rule 801, *et seq.*

We look forward to discussing these issues in further detail tomorrow morning and we thank the Court in advance for its attention to this matter.

Respectfully submitted,

Christopher J. Clayton
County Attorney
*/s/ Stacy A. Skorupa*
By: Stacy A. Skorupa
Assistant County Attorney

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY  ♦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY  11788-0099  ♦

(631) 853-4049
TELECOPIER (631) 853-5169