UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IRA CHERNICK as Administrator of the
Estate of MARYANN OST CHERNICK,

**Docket No.: 19-CV-7093(ST)**

Plaintiff,

      -against-

POLICE OFFICER JESUS FAYA,
POLICE OFFICER ARGAND REYES,
POLICE OFFICER MICHAEL SWEET,
POLICE OFFICER CHARLES
TRAMONTANA individually, OFFICERS
"JOHN DOE" 1-2  (fictitiously named)
individually, and THE COUNTY OF SUFFOLK,

Defendants.
-------------------------------------------------------------X

### PLAINTIFF'S BURDEN WHEN MULTIPLE OFFICERS ARE INVOLVED IN A CLAIM OF EXCESSIVE FORCE

As I previously explained, in determining if Maryann Ost Chernick was subjected to excessive force, you must determine the issue as to each officer.

To hold an officer liable for the use of excessive force, the Estate must adduce sufficient evidence to show by a preponderance of the evidence as to whether the officer was personally involved in the use of the claimed excessive force.

The plaintiff may establish an officer's personal involvement through facts suggesting that the officer was personally involved in the use of force. But the plaintiff need not establish who, among a group of officers, directly participated in the excessive force to satisfy direct participation.

1

Rather, the plaintiff may show direct participation by a member of a group of officers by a combination of factors—direct testimony, cross examination, and circumstantial evidence—to raise an inference that a particular defendant took a particular action.

In determining if one of the defendants directly participated in excessive force the plaintiff claims, your focus should not be on a lack of direct testimony if you determine that there is ample circumstantial evidence to show by a preponderance of the evidence that the officer directly participated in the incident that led to the use of excessive force.

In reaching this conclusion you are permitted to use the testimony of multiple individuals to infer that particular officers were liable for the alleged conduct, even if the plaintiff cannot tie a particular officer to a particular action.

If you find that the plaintiff has proven by a preponderance of the evidence that Maryann Ost Chernick was subjected to excessive force and that the force was the proximate cause of her injuries, you must determine which, if any, of the officers directly participated in use of the excessive force. You may find that one, or any combination, or none at all, directly participated in the use of excessive force.